**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **CLAIR KOHLER** | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| **TORRES CREDIT SERVICES, INC.** | ) |
| Defendant. | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. and other state laws. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Claire Kohler is an adult individual residing at 23 Timber Road, Horsham, PA 19044.

5. Defendant Torres Credit Services, Inc. is a business entity with its principal office located at 27 Fairview Street, Suite 301, Carlisle, PA 17013. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt relating to a PECO utility account opened by her now deceased husband for which she was not a responsible party (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. In or around August 2008, Defendant began contacting Plaintiff by telephone in an attempt to coerce payment of the debt, with the intent to annoy, abuse and harass Plaintiff.

9. When Plaintiff first spoke to Defendant within this timeframe, she advised Defendant that she did not open the PECO account at issue with her husband, and accordingly, was not responsible to pay the debt.

10. Defendant's representative retorted by misrepresenting to Plaintiff that "The spouse owes for the dead husband's bills."

11. Thereafter, between August 2008 and April 2009, Defendant contacted Plaintiff between twenty (20) and thirty (30) more times by telephone in attempting to collect the debt.

12. Plaintiff further received two collection or "dunning" letters from Defendant, dated, March 17, 2009 and March 20, 2009, which were inappropriately addressed to her now deceased husband.

13. Since April 2009, Defendant has contacted Plaintiff approximately twice per week in attempting to coerse payment of the debt, with the intent to annoy, abuse and harass Plaintiff.

14. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character and legal status of the debt.

15. Defendant acted in a false, deceptive, misleading and unfair manner by contacting a non-debtor on multiple occasions.

16. Defendant acted in a false, deceptive, misleading and unfair manner by contacting Plaintiff with the intent to annoy and harass Plaintiff.

17. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish,

embarrassment, humiliation, damage to reputation and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

### **COUNT I - VIOLATIONS OF THE FDCPA**

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692c(b), 1692d, 1692(d)(5), 1692e, 1692e(2)(A), 1692e(10), and 1692f as evidenced by the following conduct:

    (a) Contacting Plaintiff in connection with a debt she did not owe;

    (b) Falsely representing the amount, character and legal status of the debt;

    (c) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

    (d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – VIOLATIONS OF THE FCEUA AND UTPCPL

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

30. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

31. The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

32. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   (a) Contacting Plaintiff in connection with a debt she did not owe;

   (b) Falsely representing the amount, character and legal status of the debt;

   (c) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

   (d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

34. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## JURY TRIAL DEMAND

35. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQ.
GREGORY J. GORSKI, ESQ.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: May 29, 2009